UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORELL D. NASH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL, STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 2:24-cv-09323-PA-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the parties' submissions in connection with Respondent's Motion to Dismiss the Petition ("Motion to Dismiss"), and all of the records herein, including the May 27, 2025 Report and Recommendation of United States Magistrate Judge ("R&R") and Petitioner's Objections to the R&R. The Court has further made a *de novo* determination of those portions of the R&R to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. The Court specifically addresses some of the Objections below.

///

      The Petition challenges a state court criminal judgment which became final on March 27, 2018, after the appeal deadline expired. The R&R recommends dismissing the Petition and this action because Petitioner's claims are barred by the applicable one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and Petitioner fails to demonstrate grounds for statutory or equitable tolling or other relief.

      Petitioner's Objections appear to contend that he is entitled to tolling and/or a later accrual date because his claims partly rely on "new" laws – specifically, California Assembly Bills 2542 and 256.[1] (See Objections at 1-4). However, the Magistrate Judge appropriately rejected this argument because such changes in *state law* do not qualify for a later accrual date under AEDPA, see 28 U.S.C. § 2244(d)(1), nor do they warrant statutory or equitable tolling.

      Petitioner also asserts that he has suffered from "Mental Health Issues" since childhood. (Objections at 1-2). To qualify for equitable tolling on this basis, as the Magistrate Judge noted, Petitioner would need to show that his mental health impairment(s) (1) rendered him "unable to rationally or factually understand the

---

[1] Petitioner refers to the bills that, respectively, created the California Racial Justice Act ("CRJA") in 2020 and amended the CRJA in 2022. (See Objections Ex. A). To the extent that Petitioner may intend to challenge the state courts' denial of postconviction relief under these state law provisions, such claims would not be cognizable on federal habeas review as they would concern only the application of state law, and the mere invocation of the Constitution is insufficient to convert a claim based on state law into a federal one. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991))); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process" (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A claimant] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process."), cert. denied, 522 U.S. 881 (1997); see also Allen v. Guzman, 2025 WL 1122360, at *4 (C.D. Cal. Mar. 12, 2025) (collecting numerous federal district courts concluding that a state court's rejection of a CRJA claim is purely a matter of state law and thus is not cognizable on federal habeas review), report and recommendation adopted, 2025 WL 1268632 (C.D. Cal. Apr. 30, 2025), appeal filed, No. 25-3359 (9th Cir. May 27, 2025).

1 need to timely file" or "unable personally to prepare a habeas petition and effectual
2 its filing," and (2) "made it impossible to meet the filing deadline under the totality
3 of the circumstances, including reasonably available access to assistance." Bills v.
4 Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted).  "This
5 reiterates the stringency of the overall equitable tolling test:  the mental impairment
6 must be so debilitating that it is the but-for cause of the delay, and even in cases of
7 debilitating impairment the petitioner must still demonstrate diligence." Yow
8 Ming Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir.), cert. denied, 574 U.S. 996
9 (2014).  Petitioner has not satisfied this standard.  He does not explain the nature of
10 his impairment or how it prevented timely filing, nor does he give any indication
11 that he exercised diligence.  Instead, he suggests that he delayed in seeking relief
12 because he was "informed by his trial counsel at the time of sentencing that
13 counsel 'Would File An Appeal' after the hearing," and so Petitioner then "waited
14 a long time for the Appeal Papers," which were never filed. (Objections at 2).  He
15 also asserts, without explanation, that he "sought assistance in bringing the instant
16 Petition."  (Id.).  These facts fall far short of demonstrating "extraordinary
17 circumstances" to warrant equitable tolling.  See, e.g., Rasberry v. Garcia, 448 F.3d
18 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is
19 not, by itself, an extraordinary circumstance warranting equitable tolling."); Collier
20 v. Montgomery, 2020 WL 6273428, at *3 (C.D. Cal. Oct. 26, 2020) ("[N]either
21 Petitioner's ignorance of the law nor the lack of assistance qualify as extraordinary
22 circumstances warranting equitable tolling."); Ekenberg v. Lewis, 1999 WL 13720,
23 *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do
24 not constitute such extraordinary circumstances.").  In sum, Petitioner's Objections
25 offer no reason to depart from the findings and conclusions of the Magistrate
26 Judge.
27 ///
28 ///

1     Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss is granted and the Petition and this action are dismissed with prejudice as time-barred.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the R&R, and the Judgment herein on Petitioner and counsel for Respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 30, 2025

                                          PERCY ANDERSON
                                          UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 2:24-cv-09323-PA-JC   Document 12   Filed 07/30/25   Page 5 of 5   Page ID #:446